IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, and SHARON J. HAPNER, <br><br>   Plaintiffs, <br><br> v. <br><br> TOM TIDWELL, Regional Forester of Region One of the U.S. Forest Service, and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br>   Defendants, <br><br> v. <br><br> JANET G. HARTMAN and RONALD E. HARTMAN, <br><br>   Defendant-Intervenors. | CV 08-92-M-DWM <br> CV 09-79-M-DWM <br> (consolidated) <br><br> ORDER |

   This case presents a challenge to the Smith Creek Project, an "integrated vegetation treatment" project intended to modify wildfire behavior in the wildland-urban interface near the Smith Creek Subdivision in the Livingston Ranger District of the Gallatin National Forest. On July 12, 2011, this Court

1

entered an Order granting the Federal Defendants' motion to dissolve the injunction against the Smith Creek Project and closing the case file. Doc. No. 102. The Plaintiffs then filed a motion to alter or amend the judgment and for relief from judgment, which was denied on August 11, 2011. Doc. No. 105. The Plaintiffs filed a Notice of Appeal on September 21, 2011, and have now filed a motion to stay the dissolution of the injunction pending the outcome of the appeal. The motion is denied.

This litigation began with an action filed July 1, 2008, in which Plaintiffs alleged the Project was approved in violation of NEPA and NFMA because the Environmental Assessment was inadequate and the Project violated the Forest Plan. The Court denied the Plaintiff's motion for a preliminary injunction and denied their motion to stay pending appeal of the denial of a preliminary injunction. Doc. Nos. 7, 19. On summary judgment, the Federal Defendants prevailed on every claim except one related to elk mapping, and the Court enjoined the Project and remanded to the Forest Service to fulfill its legal obligation to map key habitat components for elk. Doc. No. 40. After supplementing the Environmental Assessment with elk mapping information, the Forest Service re-approved the Project on March 6, 2009.

Plaintiffs challenged the re-approved Project, the prescribed actions of

which were unchanged from the original, in a new lawsuit, <u>Native Ecosystems Council v. Tidwell</u>, CV 09-79-M-DWM.  The Court consolidated the newly filed case with this action and dismissed all claims that had already been adjudicated, leaving a single issue to be decided: whether the Service had met its elk mapping responsibility such that the injunction against the Project should be dissolved.  The Court held that the Service had complied with the law regarding elk mapping, and issued an Order dissolving the injunction on October 8, 2009.  Doc. No. 70.  Plaintiffs appealed, challenging both the decision to dissolve the injunction and the Court's earlier Order on summary judgment.  They filed another motion to stay pending appeal, which was denied.  Doc. No. 80.

     The Ninth Circuit issued an Order dated February 8, 2010, staying this Court's Order dissolving the injunction pending the issuance of a written opinion.  Doc. No. 83.  The appellate panel filed its opinion on September 15, 2010, reversing this Court's Order dissolving the injunction and remanding the case.  <u>Hapner v. Tidwell</u>, 621 F.3d 1239 (9th Cir. 2010).  The court of appeals held that the Plaintiffs' NFMA challenge to the Service's elk hiding cover calculation was their "single meritorious argument" on appeal.  <u>Id.</u> at 1250.  Following remand from the Ninth Circuit, this Court remanded to the agency "to remedy the error described in the Ninth Circuit Court of Appeals' opinion[.]"  Doc. No. 86.

3

On remand, the Forest Service performed a new hiding cover calculation and determined that the Project complies with the Gallatin Forest Plan's hiding cover requirements. The Federal Defendants then moved to dissolve the injunction, and the Court granted the motion and closed the case. Doc. No 102. The Court subsequently denied the Plaintiffs' motion to alter or amend the judgment and from relief from judgment, explaining:

> The motion boils down to a disagreement over whether the Ninth Circuit made an express factual finding when it wrote, while describing one of the two insufficient calculations of hiding cover offered by the Forest Service, "The other calculation suggested 62% elk cover under a canopy cover definition." Hapner v. Tidwell, 621 F.3d 1239, 1250 (9th Cir. 2010). Plaintiffs view the statement as a finding of fact that there is 62 percent hiding cover under a canopy cover definition. For the reasons set forth in detail in the Dissolution Order, Doc. No. 102 at 5-11, the Court takes a different view, and finds that the statement is merely a characterization of one of the calculations that the panel found lacking. The fact that the Forest Service did an unsatisfactory job of calculating hiding cover the first time around does not mean it is estopped from doing a better job on remand. See Dissolution Order, id. at 26.

Doc. No. 105 at 3.

In its Order denying the motion to alter or amend the judgment and for relief from judgment, the Court also observed that "[t]he claims alleged in this action have been heard on summary judgment, heard in the court of appeals, heard on remand in this Court, and twice remanded to the agency." Doc. No. 105 at 2. To that lengthy procedural history the Plaintiffs now add a third motion to stay

pending appeal.

The standard for evaluating an injunction pending appeal mirrors the standard for granting a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Injunctive relief is appropriate if the plaintiff "establish[es] that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. Following Winter, in Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011), the Ninth Circuit clarified that its "serious questions" approach to preliminary injunctions survives Winter when applied as part of the four-part Winter test. Id. at 1132. Thus, once a plaintiff has shown a likelihood of irreparable injury and that the injunction is in the public interest, an injunction is warranted if the plaintiff can further show that there are "'serious questions going to the merits' and the balance of hardships tips sharply towards the plaintiff." Id. at 1135.

Plaintiffs argue that the Court may not engage in its own analysis of the Winter factors because the Ninth Circuit has already done so, and the appellate court's holdings in that regard may not be revisited by the district court. Plaintiffs

refer to the Ninth Circuit panel's December 21, 2009, Order, in which the panel held that the Plaintiffs had established all of the Winter factors as to all but 435 acres of the Project area, and the panel's February 8, 2010, Order, finding the standard established as to the entire Project area.  Doc. Nos. 82, 83.  Plaintiffs say that to the extent the Ninth Circuit has determined that any of the Winter factors are met with regard to the proposed agency action, the Court is bound by that determination so long as there has been no material change in circumstances.  For support they rely on Vizcaino v. U.S. Dist. Court for Western Dist. of Washington, in which the Ninth Circuit stated, "On remand, the trial court can only consider 'any issue not expressly or impliedly disposed of on appeal.'"  173 F.3d 713, 719 (9th Cir. 1999) (quoting Firth v. United States, 554 F.2d 990, 993 (9th Cir. 1977)).

      The argument has some merit because, as the Federal Defendants concede, the planned Project activities have remained unchanged throughout this litigation.  Nor have the Federal Defendants or Defendant-Intervenors identified any change in the circumstances on the ground in the surrounding area, such as factors leading to heightened fire danger, that would justify revisiting the matters already decided by the Ninth Circuit.  Thus, the panel's application of the Winter factors remains relevant and controlling with respect to three of the four factors: the Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief; the balance of

equities tips in their favor; and a stay is in the public interest. Doc. Nos. 82, 83.

It is as to the fourth factor, i.e, serious questions going to the merits, that a change in circumstances has left the Plaintiffs unable to meet the Winter standard. The Ninth Circuit found the Plaintiffs likely to succeed on the merits of their appeal because the Forest Service had failed to calculate elk hiding cover as required by the Forest Plan. As this Court has twice explained, see Doc. Nos. 102 and 105, the Forest Service's actions on remand directly addressed that deficiency and brought the Project into full compliance with the Forest Plan, triggering dissolution of the injunction. The Plaintiffs' arguments against dissolution, addressed in detail in the in the Dissolution Order, Doc. No. 102 at 5-11, are not based on the language of the applicable statute or the Forest Plan standard; instead they are based on a fundamental misinterpretation of the Ninth Circuit's opinion and do not raise serious questions going to the merits. The Plaintiffs have therefore failed to meet the standard for a stay pending appeal.

Accordingly, IT IS HEREBY ORDERED that the Plaintiffs' motion for a stay of dissolution pending appeal (Doc. No. 108) is DENIED.

Dated this 19th day of October, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT